UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBORAH STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.1:10-cv-0543-JMS-MJD |
| | ) | |
| HOBBY LOBBY STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

This case is before the Court on a state-law defamation claim brought by Plaintiff Deborah Stewart against Defendant Hobby Lobby, Inc. Defendant removed the case in March 2010, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. [Dkt. 1.]

The Court has an independent duty to ensure that it has jurisdiction over matters before it. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). "If at any time . . . it appears that the Court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Regardless of the "waste of effort" that results from a case partially or fully litigated in the wrong court, "both the Supreme Court and [the Seventh Circuit] have noted time and again that subject-matter jurisdiction is a fundamental limitation on the power of a federal court to act." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000); *see also Hart v. Terminex Int'l*, 336 F.3d 541 (7th Cir. 2003) (finding lack of subject-matter jurisdiction after seven years of "wasted" litigation and a jury trial).

In a removal action, "the amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit . . . was removed." *Oshana v. Coca-Cola, Co.,* 472 F.3d 506, 510 (7th Cir. 2006). Although the defendant, as the proponent of jurisdiction, bears

1

the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy is met, *id*. at 511, that "is easier said than done when the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims." *Id.* In such a case, as the Seventh Circuit has recently reiterated, "a [defendant's] good-faith estimate of the stakes is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Service Corp. Intern.,* 639 F.3d 761, 763 (7th Cir. 2011) (citing *Oshana,* F.3d at 511). Once the defendant has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.*

The Court has already issued two show-cause orders in this case regarding jurisdiction. [Dkt. 23; dkt. 27.] However, upon reviewing the record in preparation for ruling on Defendant's fully briefed motion for summary judgment, [dkt. 41], the Court again has doubts that it may actually exercise jurisdiction over this matter. 28 U.S.C. § 1338.

Defendant's stated basis for removal is that it "[Plaintiff] is seeking at least $23,400 in compensatory damages for her defamation claim. On top of that, [Plaintiff] is also seeking punitive damages." [Dkt. 30 at 2.] As Defendant explains, punitive damages can satisfy the minimum amount in controversy required for diversity jurisdiction if they are recoverable under state law, *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008), and Indiana law allows for the recovery of punitive damages in a defamation action. *See Henrichs v. Pivarnik*, 588 N.E.2d 537, 844-45 (Ind. Ct. App. 1992). As Defendant further explains, punitive damages are capped at not more than the greater of three times the amount of compensatory damages or $50,000. Ind. Code § 34-51-3-4. Therefore, Defendant argues, "in light of Stewart's claim for one year's pay at $23,400, she may receive up to an additional $70,200 in punitive

2

damages. This sets the amount in controversy at $93,600, which exceeds the jurisdictional minimum." [*Id.*]

The Court previously accepted this argument, but did so at a time when there was not actual evidence before it. Now, however, the court has had the benefit of an evidentiary record, as submitted with the currently pending motion for summary judgment. In light of this additional information, the Court is again in doubt that Defendant actually had a plausible basis for assuming that Ms. Stewart's claim met the jurisdictional requirement. Defendant claims:

> Plaintiff is seeking an amount of compensatory damages approximately equal to one year's pay on the theory that but for the defamatory statements, her employment would not have been terminated.

[Dkt. 30 at 1.] Despite that assertion, however, there are no facts pleaded in the Complaint to support this theory of recovery. Furthermore, Plaintiff has no cause of action for wrongful termination. The record is currently devoid of any reason Defendant could have plausibly believed in good faith that at the time of removal that Plaintiff's yearly salary is an appropriate measure of Plaintiff's compensatory damages. Indeed, Plaintiff herself has stated to the Court that the amount in controversy does not exceed $75,000.[1]

The Court notes that the record contains an affidavit from Defendant's counsel recounting a conversation wherein Plaintiff's counsel suggested he would be making claim for lost wages, but there is no indication that this conversation took place before removal. [Dkt. 30-

---

[1] The Court notes that statements such as this have long been approved by the Seventh Circuit as a means for a plaintiff to stay out of federal court, but only when those statements are binding. *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints...."). Indeed, "a stipulation would have had the same effect as a statute that limits a plaintiff to the recovery sought in the complaint." *Oshana*, 742 at 512. There is no such stipulation here.

1.]  For such a discussion to be relevant here, it must have taken place before removal.  *See, e.g., Meridian sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006).

The Court does not intend to barrel headlong into a "jurisdictional morass" like the one the Seventh Circuit confronted in *Hart*, where years of litigation preceded the unfortunate discovery that incomplete diversity of citizenship warranted dismissal of the case.  In the wake of *Hart*, this Court is mindful—as the litigants should be—of the Seventh Circuit's admonishment against wasting judicial resources and delaying justice because of failure to "meticulously review the limits of federal jurisdiction."  *Id.* at 544.

The Court therefore **ORDERS** Defendant once more to show cause as to why this Court should not dismiss this case for lack of subject-matter jurisdiction under LR 81.1 and U.S.C. § 1332, **no later than Friday, August 26**.  Plaintiff may respond, if she so wishes, no later than **Friday, September 2**.  If appropriate and necessary, the Court will conduct an evidentiary hearing on the matter.

08/19/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribute via ECF only:**

Jonathan A. Bont
BOSE MCKINNEY & EVANS, LLP
jbont@boselaw.com

Jason R. Delk
DELK MCNALLY
delk@delkmcnally.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com